IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-838-WDS |
| | ) |
| KENNY SHIRES and BRENT STANLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the Saline County Detention Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and the initial partial filing fee was waived.

**PENDING MOTION**

Currently pending before the Court is Plaintiff's motion for an order directing the Saline County Detention Center to provide a copy of Plaintiff's jail trust fund account statement (Doc. 6). Because Plaintiff's motion to proceed *in forma pauperis* has been granted, this motion is **DENIED** as moot.

**THRESHOLD REVIEW**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

>    governmental entity.
>    (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
>    or dismiss the complaint, or any portion of the complaint, if the complaint–
>        (1) is frivolous, malicious, or fails to state a claim on which relief
>        may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such
>        relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

*Factual Allegations*

Plaintiff states that on July 29, 2005, he was stopped by Harrisburg, Illinois Police Officer Brent Davis (not a defendant). After Plaintiff was found to have a suspended license, Officer Davis placed him in handcuffs and searched the interior of his car. Officer Davis found nothing suspicious inside the car and asked Plaintiff for consent to search the trunk. Plaintiff did not give his consent for such a search. After Defendant Shires, Harrisburg Police Officer, arrived at the scene, Plaintiff was placed in Officer Davis's patrol car and transported to the jail. Defendant Brent Stanley, Harrisburg Police Officer, joined Defendant Shires at Plaintiff's car and proceeded to search the trunk without Plaintiff's consent, probable cause, or a search warrant. Plaintiff claims that this illegal search of his trunk violated his Fourth Amendment rights. Plaintiff seeks monetary damages.

*Legal Standards*

Fourth Amendment claims for damages for illegal search and seizure may be brought during the pendency of an underlying criminal case. The Seventh Circuit has held that such claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because adjudication of the civil rights claims

does not *necessarily* imply the invalidity of an underlying conviction.  *See Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998)  Furthermore, Fourth Amendment claims for illegal search or arrest "may be brought immediately," and a defendant need not wait until criminal proceedings have concluded to bring a civil rights action.  *Id.*  Based on the factual allegations and these legal standards, this claim cannot be dismissed at this point in the litigation.

### SUMMARY AND CONCLUSION

Plaintiff may proceed against Defendants Shires and Stanley on the Fourth Amendment claim.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Shires and Stanley***.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Shires and Stanley*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Harrisburg Police Department who no longer can be found at the work address provided by Plaintiff, the Harrisburg Police Department shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Police Department pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: July 26, 2006**

                                                **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**