IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID RILEY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **05-838-WDS** |
| **KENNY SHIRES and BRENT STANLEY,** | ) ) ) ) |
| Defendants. | ) ) |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to **28 U.S.C. §§636(b)(1)(B)** and **(C)**.

Before the court is defendants' Motion to Dismiss Plaintiff's Complaint for Want of Prosecution Pursuant to Federal Rule of Civil Procedure 41(b). **(Doc. 21)**. Plaintiff has not responded to the motion.

The *pro se* plaintiff filed suit under 42 U.S.C. §1983 on November 28, 2005. He signed his complaint on November 14, 2005. He listed his address as the Saline County Detention Center. **See, Doc. 1**. The last pleading file by plaintiff was Doc. 6, filed on December 27, 2005. At that time, plaintiff was still in the Saline County Detention Center.

Mr. Riley is no longer being held in the Saline County Detention Center, but he has never notified this court of a new address. All mail sent by the court to plaintiff at the Saline County Detention Center since March of 2006 has been returned as undeliverable. **See, Docs. 8, 11, 18, 19, and 23.**

Defendants' motion states that mail sent by them to plaintiff at the Saline County Detention Center has been returned also, and plaintiff has never contacted defendants' attorney, nor answered defendants' written discovery requests.

On March 22, 2007, the court set defendants' motion for hearing on May 1, 2007.  **See, Doc. 22**.  That notice as also returned as undeliverable.  The returned envelope was stamped "Return to sender, inmate released."  **See, Doc. 23.**

Defendants' counsel appeared for the hearing on May 1, 2007, but plaintiff did not appear.  The court directed its security officer to scour the building in search of plaintiff.  The officer was unable to find Mr. Riley in the courthouse and determined that he had not entered the building that morning.

This Court has the authority to dismiss this case with prejudice as a sanction for failing to appear and for failure to prosecute.  FEd.R.Civ.P. 41(b) authorizes the court to dismiss an action for "failure of the plaintiff to prosecute."  Rule 41(b) provides that such a dismissal "operates as an adjudication upon the merits."

Fed.R.Civ.P. 16(a) provides that the Court may direct a party to appear for a pretrial conference.  The Court may impose sanctions for failure to appear as directed.  Such sanctions may include dismissal.  **Rule 16(f);** *Lucien v. Breweur***, 9 F.3d 26, 28 (7th Cir., 1993).**

A sanction of dismissal under Rule 16(f) is presumed to be with prejudice, since dismissal without prejudice "is a feeble sanction."  *Lucien***, 9 F.3d at 28.**

### Recommendation

This court recommends that defendants' Motion to Dismiss Plaintiff's Complaint for Want of Prosecution Pursuant to Federal Rule of Civil Procedure 41(b) **(Doc. 21)** be

**GRANTED**.  Plaintiff's complaint should be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before **May 18, 2007.**

**Submitted: May 1, 2007.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
